# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PINO,<br><br>            Plaintiff,<br><br>     vs.<br><br>LADD, et al.,<br><br>            Defendants. | ) 1:13cv01593 DLB PC<br>)<br>)<br>) ORDER DISMISSING COMPLAINT<br>) WITH LEAVE TO AMEND<br>)<br>)<br>) **THIRTY-DAY DEADLINE**<br>)<br>) |

Plaintiff David Pino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on October 3, 2013. Plaintiff names Correctional Lieutenant Ladd, Correctional Sergeant Musselman and Correctional Officers Moor, Hernandez, Watson and Lee as Defendants.[1]

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] On November 12, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Valley State Prison ("VSP"), in Chowchilla, California, where the events at issue occurred.

Plaintiff is a Native American inmate at VSP.  He alleges that on June 9, 2013, Defendant Ladd directed and supervised a search of the Native American sweat lodge.  The search was conducted by Defendants Musselman, Hernandez, Moor, Lee and Watson.  Plaintiff alleges that during the search, Defendants, "with malice aforethought and willful intent, deliberately destroyed sacred religious artifacts."  Compl. 5.  The destroyed artifacts included the fire pit, sacred mound, prayer ties and "nests of baby migratory birds."  Compl. 5.  Plaintiff alleges that the birds were killed.

Plaintiff alleges that Defendants' actions caused him to suffer physical and emotional anguish, shame and humiliation.  He alleges that Defendants' actions deprived him of his right to practice his sacred religious rituals "in full."  Compl. 6.  He further alleges that the destruction of the sacred Indian religious area "in the manner aforementioned deprives [him] religious practices under sacred Indian religious beliefs."  Compl. 6.

Based on these facts, Plaintiff alleges violations of the First, Eighth and Fourteenth Amendment.

C.     **ANALYSIS**

1.     First Amendment

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion."  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted).  The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith.  Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125

F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884-85.  A prisoner's right to freely exercise his religion, however, is limited by institutional objectives and by the loss of freedom concomitant with incarceration.  O'Lone, 482 U.S. at 348.

Here, Plaintiff alleges that Defendants deliberately destroyed sacred religious artifacts, including the fire pit, sacred mound, prayer ties and a nest of baby migratory birds.  He contends that this has deprived him of his right to practice "his sacred religious rituals in full at VSP."  Compl. 6.  However, the First Amendment does not permit Plaintiff to practice his religion "in full."  Rather, the First Amendment prevents prison officials from *substantially burdening* Plaintiff's religious practices.

Plaintiff also states that the destruction of the sacred Indian religious area deprives him of practicing his religious beliefs, but this, too, does not suggest that his practice has been *substantially burdened*.

Accordingly, Plaintiff fails to state a claim under the First Amendment.

2.   Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Although Plaintiff states that Defendants' actions were cruel and unusual, only extreme deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992).  The alleged destruction of Plaintiff's religious property, without more, is not actionable under the Eighth Amendment.

3. Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause itself or from state law.  Id.  The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue.  Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on

the inmate in relation to the ordinary incidents of prison life.  Id. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

      Plaintiff believes that Defendants' actions imposed an atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life.  However, insofar as Plaintiff points to his alleged inability to practice his religion, his religion claim is properly analyzed under the First Amendment.  "[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims."  Patel v. Penman, 103 F.3d 868, 874 (9th Cir.1996) (citations and internal quotations omitted).  Thus, there is no Fourteenth Amendment due process claim regarding his religious practice.

      Insofar as Plaintiff claims that the alleged deprivation of his violates the Due Process Clause, it is unclear whether Plaintiff contends that the deprivation was authorized or unauthorized under prison policies.  If he claims the latter, Plaintiff is informed that the Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).  Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property.  Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

      Plaintiff therefore fails to state a claim under the Fourteenth Amendment.

**D.**    **CONCLUSION AND ORDER**

      Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130

(9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

      Finally, an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

      Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.     Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated:   **March 14, 2014**          /s/ Dennis L. Beck
                                           UNITED STATES MAGISTRATE JUDGE