1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   DAVID PINO,                          )   Case No.: 1:13cv01593 LJO DLB (PC)
                                           )
12              Plaintiff,                 )   FINDINGS AND RECOMMENDATIONS
                                           )   REGARDING DEFENDANTS' MOTION FOR
13        v.                               )   SUMMARY JUDGMENT FOR FAILURE TO
                                           )   EXHAUST
14   LADD, et el.,                         )   (Document 16)
                                           )
15              Defendants.                )
                                           )   THIRTY-DAY OBJECTION DEADLINE
16                                         )

17   _____

18        Plaintiff David Pino ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis,

19   filed this civil rights action on October 3, 2013.  This action is proceeding on Plaintiff's First

20   Amended Complaint against Defendants Ladd, Musselman, Hernandez, Lee, Moore and Watson for

21   violation of the First Amendment.

22        On February 20, 2015, Defendants filed the instant motion for summary judgment based on

23   Plaintiff's failure to exhaust his administrative remedies.  Despite receiving the requirements for

24   opposing summary judgment, Plaintiff did not file an opposition or otherwise contact the Court.[1]  The

25   motion is therefore deemed submitted.  Local Rule 230(l).

26

27   _____

28   [1] Concurrent with their motion for summary judgment, Defendants provided Plaintiff with the requirements for opposing
     summary judgment.  <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998); <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

**A.      PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Valley State Prison ("VSP"), in Chowchilla, California, where the events at issue occurred.

Plaintiff is a Native American inmate at VSP.  He alleges that on June 9, 2013, Defendant Ladd directed and supervised a search of the Native American sweat lodge.  Plaintiff states that without a fully-equipped sweat lodge, he cannot perform his religious practice.

The search was conducted by Defendants Musselman, Hernandez, Moor, Lee and Watson. Plaintiff alleges that during the search, Defendants destroyed sacred religious artifacts "with malice aforethought and willful intent."  ECF No. 8, at 4.  The destroyed artifacts included the fire pit, sacred mound, prayer ties and "nests of baby migratory birds."  ECF No. 8, at 4.  Plaintiff alleges that Defendants killed the birds, and told Plaintiff that if he did not like it, he should stay out of prison.

Plaintiff alleges that Defendants' actions deprived him of his right to practice his sacred religious rituals in full and substantially burdened his right to practice his religious beliefs.  The sweat lodge had to be reconstructed and blessed by Elders, a process which took months to complete.

Based on these facts, Plaintiff alleges a violation of the First Amendment.

**B.      LEGAL STANDARD**

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings.  Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172.  If Defendants carry this burden, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.  This requires Plaintiff to "show more than the mere existence of a scintilla of evidence."  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).  "If the undisputed

evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## C.   APPEALS PROCESS

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

To exhaust available remedies during the relevant time period, an inmate must proceed through three formal levels of review unless otherwise excused under the regulations.  Cal. Code Regs. tit. 15, § 3084.5.  The appeal must be submitted within thirty calendar days of (1) the occurrence of the event being appealed; (2) upon first having knowledge of the event; or (3) upon receiving an unsatisfactory departmental response to an appeal.  Cal. Code Regs. tit., § 3084.8(b).  An inmate is not required to seek resolution at the informal level, but they must continue to secure review at all three formal levels of review, culminating in a third-level decision.  Cal. Code Regs. tit. 15, § 3084.7

## D.   UNDISPUTED FACTS[2]

After the June 9, 2013, search of the sweat lodge, Plaintiff submitted Appeal Log No. VSP-A-13-01351 to the First Level of Review.  This was Plaintiff's only non-healthcare appeal submitted between June 9, 2013, and October 3, 2013, the date he filed this action.  Wynn Decl. ¶ 10.

In the appeal, Plaintiff named all six Defendants and complained about the destruction of the sweat lodge.  He alleged that the sacred elements and religious artifacts were destroyed, and that this

---

[2]  Plaintiff did not oppose the motion, and therefore did not provide his own statement of undisputed facts or a response to Defendants' statement of undisputed facts.  In his First Amended Complaint, he simply states that he exhausted his administrative remedies.

placed an extreme burden on his right to practice his religion.  Wynn Decl., Ex. B.  Plaintiff requested

monetary damages in the amount of $500,000.00 for the relocation and construction of a new lodge.

Plaintiff also requested punitive damages.  Wynn Dec., Ex. B.

The appeal was received at the First Level of Review on June 27, 2013.  Wynn Decl. ¶ 10, Ex.

B.  Also on June 27, 2013, the appeal was rejected under California Code of Regulations, title 15, §

3084.6(b)(13), because it was incomplete.  Plaintiff had not completed Sections A and B, but had

instead referred to a continuation page (a 602A).  The Appeals Coordinator told Plaintiff that Sections

A and B had to be completed for the appeal to be processed, and that if he ran out of room, he could

attach a 602A.  It was not permissible for Plaintiff to write "see 602A" in Section A and B instead of

completing the sections with relevant information.  Wynn Decl. ¶10, Ex. B.

The Appeals Coordinator also told Plaintiff that the appeals system did not provide for the

issuance of monetary awards for damages, and that the inclusion of such a request precluded the

processing of his appeal.  Plaintiff was told that if he wanted to have his concern addressed, he would

have to amend his appeal and remove this disqualifying element.  Wynn Decl. ¶ 10, Ex. B.

There is no indication that Plaintiff corrected the deficiencies or resubmitted this appeal to any

level of review.  Wynn Decl. ¶10; Briggs Decl. ¶ 5.  Therefore, Plaintiff never received a First, Second

or Third Level decision on the appeal.  Wynn Decl. ¶ 10; Briggs Decl. ¶ 5.

**E.  DISCUSSION**

It is undisputed that after the rejection at the First Level, Plaintiff did not resubmit the appeal.

Defendants therefore carried their burden of showing that Plaintiff did not properly exhaust.

The burden now shifts to Plaintiff.  However, Plaintiff has not filed an opposition or disputed

Defendants facts.  Although Plaintiff indicates in his First Amended Complaint that he completed the

exhaustion process, ECF No. 8, at 2, he cannot defeat summary judgment with a legal conclusion,

unsupported by factual evidence.

Plaintiff has therefore failed to present any evidence to either dispute Defendants' facts or

provide evidence to excuse the exhaustion requirement.

///

///

4

**F.**     **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Defendants' motion to dismiss, filed February 20, 2015, be GRANTED; and

2.      This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **May 14, 2015**                     _____ /s/ Dennis L. Beck

                                                    UNITED STATES MAGISTRATE JUDGE